J-S64018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ADALBERTO VARGAS | |
| Appellant | No. 386 EDA 2016 |

Appeal from the Order January 13, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000825-2011
CP-15-CR-0000826-2011
CP-15-CR-0003090-2011

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                **FILED OCTOBER 12, 2016**

Appellant, Adalberto Vargas, appeals *pro se* from the order dismissing his "Petition To Correct Illegal Sentence."  We affirm.

On April 14, 2011, Appellant entered a guilty plea to three counts of burglary and three counts of conspiracy.  At sentencing on June 1, 2011, the Commonwealth stated:

> Your Honor, I'm handing up a colloquy that was first executed on April 14, 2011 before Judge Nagle.  There was an agreement in place and the defendant's guilty plea was accepted but Judge Nagle rejected the guilty plea or the sentence that was called for and asked for the parties to continue to negotiate a higher sentence than what was called for in the guilty plea agreement.

_____

[*] Former Justice specially assigned to the Superior Court.

We discussed that sentence. I believe there's an agreement for a 7 to 14 year term of incarceration when you add up the numbers between all the parties. We have consulted Judge Nagle and he is in agreement with that, and due to his senior status we're asking Your Honor to help us in sentencing the defendant today.

At the time of the first colloquy, Judge Nagle did indicate to the defendant that if he wanted to withdraw his guilty plea at any time he could. I would ask that you inquire into that today as well as proceed to sentence.

N.T., 6/1/11, at 2.

The sentencing court then conducted a colloquy on the record, and the following exchange occurred:

THE COURT: Okay. As I said, you were before Judge Nagle, and Judge Nagle indicated that while he would accept the guilty plea, he did not accept the sentence, and he told your attorney and the Commonwealth attorney to go back and discuss a new sentence. And I'm told they have done that and that Judge Nagle is in agreement that it is appropriate, so that is the purpose of today's hearing to have me impose the sentence and I'm doing that because Judge Nagle is not available. And I understand that you are agreeable that I can impose the sentence, and I assume you are agreeable to the sentence.

So I'm going to ask a few questions. First, you have the right to say I don't want to plead guilty anymore. I want to take my chances at trial. And if that's your decision today, that's fine. Do you wish to stand by the plea agreement and to continue to plead guilty?

APPELLANT: Yes.

THE COURT: Okay. I take it from the date that you were in front of Judge Nagle until today you and your attorney had a chance to sit down and talk to discuss what the new sentence is going to be, to look at all of the facts of the cases that you're involved in, to look at the sentence you might be looking at if there isn't an agreement and that you had an opportunity to discuss all of that with her

- 2 -

> before deciding to accept the new agreement. Did you do all of that?
>
> APPELLANT: Yes, sir.

N.T., 6/1/11, at 2-4.

Thereafter, the court heard from Appellant, who was apologetic and expressed remorse. *Id.* at 5. The court then sentenced Appellant to an aggregate 7–14 years in prison.[1] Appellant did not file a direct appeal.

Approximately two years later, on June 25, 2013, Appellant filed an untimely *pro se* motion to withdraw his guilty plea and for appointment of counsel. The trial court properly treated Appellant's filing as a first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and appointed counsel. *See Commonwealth v. [Thomas Duane] Taylor*, 65 A.3d 462, 465–66 (Pa. Super. 2013) (PCRA is intended to be sole means of achieving post-conviction relief, and a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition); Pa.R.Crim.P. 904(C) (judge shall appoint counsel to represent defendant on defendant's first petition for post-conviction collateral relief).

---

[1] At Docket No. 3090-2010, Appellant was sentenced to 4-8 years for burglary and a concurrent 3-6 years for conspiracy; at Docket No. 825-2011, Appellant was sentenced to 3-6 years for burglary and a concurrent 2-4 years for conspiracy, to be served consecutive to the sentence at Docket No. 3090-2010; at Docket No. 826-2011, Appellant was sentenced to 2-4 years for burglary and a concurrent 2-4 years for conspiracy, to be served concurrent to the sentence at Docket No. 825-2011.

On October 9, 2013, Appellant's counsel petitioned for leave to withdraw, stating that Appellant's petition was "untimely and there are no valid issues of merit for a claim of ineffective assistance of counsel." Petition to Withdraw as PCRA Counsel, 10/9/13, at 1 (citing **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) ("Once counsel for defendant determines that issues raised under [PCRA] are 'meritless,' and court concurs, counsel will be permitted to withdraw")).

On October 15, 2013, the PCRA court filed a Criminal Rule 907 notice of its intent to dismiss Appellant's petition on the basis that the petition was untimely and Appellant had failed to plead an exception to the PCRA's time bar. The PCRA court also advised that if Appellant did not respond, it would enter an order permitting counsel to withdraw and would dismiss the PCRA petition. Appellant did not file a response, and on January 23, 2014, the PCRA court dismissed Appellant's petition as untimely and granted counsel's petition to withdraw. Appellant did not appeal.

Almost a year later, on December 7, 2015, Appellant filed a *pro se* petition to correct illegal sentence, which the court denied on January 13, 2016. Appellant filed a timely notice of appeal on February 2, 2016. In a March 16, 2016, opinion, the court stated that Appellant's claim is meritless because "Mr. Vargas's plea was found to be knowing and voluntary, and the sentence issued was within the range of the guidelines for the three

burglaries he was charged with and pled guilty to . . . ." Trial Court Opinion, 3/16/16, at 3.

Instantly, Appellant presents, *verbatim*, the following issues for our review:

1. THE TRIAL COURT ERRED BY FAILURE TO CORRECT ILLEGAL SENTENCE AND/OR CORRECT THE ERROR IN THE SENTENCE OF A (4) YEARS TO (8) YEARS EXTRA AFTER A NEGOTIATED PLEA AGREEMENT OF (7) YEARS TO (14) YEARS, THEREFORE, PETITIONER CHALLENGE TO THE VALIDITY OF SENTENCE IN QUESTION AS TO THE LEGALITY OF SENTENCE AND IS NONWAIVABLE MATTER UNDER SECTION 42 Pa.C.S. § 9541-9546:

2. WHETHER A MISCARRIAGE OF JUSTICE WOULD OCCUR IF THE COMMONWEALTH FAILURE TO ADHERE TO THE TERMS OF THE PLEA AGREEMENT OF (7) YEARS TO (14) YEARS WHEREAS THE (4) YEARS TO (8) YEARS NO LONGER BEING A FACTOR OF THE NEGOTIATED PLEASE RAISE THE POSSIBILITY THAT THE PROCEEDING RESULTED IN THE EXTRA (4) TO (8) YEARS BEING IN ERROR OF THE SENTENCE WERE SO UNFAIR THAT A MISCARRIAGE OF JUSTICE WOULD OCCUR IF EXTRA SENTENCE IS ALLOWED TO STAND:

3. WAS COUNSEL INEFFECTIVE FOR NOT OBJECTING TO THE COURT'S ERROR FOR FAILURE TO RECOGNIZE THE ERROR IN (ERASING, EXPUNGING, OR REMOVING) THE (4) TO (8) YEARS SENTENCE AFTER THE NEGOTIATED PLEA AGREEMENT FOR ALL (3) BURGLARIES CONSOLIDATED FOR A SENTENCE OF (7) TO (14) YEARS ALL TOGETHER AND THE COURT FAILURE TO COMPLY WITH THE PLEA AGREEMENT IN IMPOSING THE EXTRA TERM OF (4) TO (8) YEARS IMPRISONMENT:

4. PCRA COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESERVE AND ARGUE A CLAIM WITH ARGUABLE MERIT SO UNDERMINED THE TRUTH DETERMINING PROCESS THAT IN THE CIRCUMSTANCES OF THE PARTICULAR CASE, NO RELIABLE ADJUDICATION OF GUILT OR INNOCENCE COULD HAVE TAKEN PLACE

BECAUSE THE IMPOSITION OF SENTENCE IS GREATER
THAN THE LAWFUL AGREEMENT:

Appellant's Brief at ii.

Preliminarily, we note that the court should have treated Appellant's petition to correct illegal sentence as his second petition filed pursuant to the PCRA. "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. . . . Issues that are cognizable under the PCRA must be raised in a timely PCRA petition[.]" *[Thomas Duane] Taylor*, 65 A.3d at 465-466. In *Taylor*, this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Id.* at 466 (collecting cases). A claim challenging the legality of a sentence is cognizable under the PCRA, as are ineffectiveness claims regarding sentencing. *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa. Super. 2000); *see also Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126 (Pa. 2001). Accordingly, we review Appellant's appeal as being from the denial of a PCRA petition, his second.[2]

---

[2] We further note that PCRA petitioners are entitled to appointed counsel only on the first petition; this right does not extend to subsequent petitions like the one before us. *See* Pa.R.Crim.P. 904(A); *Commonwealth v. Kubis*, 808 A.2d 196 (Pa. Super. 2002).

When reviewing the denial of PCRA relief, we examine whether the court's determination "is supported by the record and free of legal error." *Commonwealth v. [Paul Gamboa] Taylor*, 67 A.3d 1245, 1248 (Pa. 2013). In so doing, we are mindful of the PCRA's timeliness requirement, which is mandatory and jurisdictional. *Id.* The court cannot ignore a petition's untimeliness and reach the merits of the petition. *Id*. Thus, "[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006); *see also Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute.[3] *See* 42 Pa.C.S. § 9545(b). A PCRA petition

_____

[3] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

- 7 -

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Hernandez***, 79 A.3d at 651-652; 42 Pa.C.S. § 9545(b)(2). Asserted exceptions to the time restrictions in the PCRA must be included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's judgment of sentence was imposed on June 1, 2011, and he did not file a direct appeal. His judgment of sentence thus became final on July 1, 2011, thirty days after the time period for filing a direct appeal with this Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). To be timely, Appellant had to file a PCRA petition within one year, by July 1, 2012, which he did not do. Appellant filed this petition on December 7, 2015, more than four years after his judgment of sentence became final. Therefore, the underlying petition is patently untimely unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions in Section 9545(b)(1) applies.

*(Footnote Continued)* ─────────────

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

In his petition, Appellant neither acknowledged the PCRA's time bar, nor invoked any exception to it. *See* Petition to Correct Illegal Sentence, 12/7/15, at 1-3. Within his brief, Appellant conflates his arguments regarding his plea, the legality of his sentence, and ineffective assistance of counsel, all without reference to his delay in filing his latest petition seeking post-conviction relief. *See* Appellant's Brief at 1-6. Because Appellant's petition is untimely on its face and Appellant has failed to plead and prove any statutory exceptions to the PCRA's jurisdictional time bar, we are compelled to affirm the order denying Appellant post-conviction relief. *See Chester*, 895 A.2d at 522*; Hernandez*, 79 A.3d at 651-52.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016